IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRICE JACKSON, # 190638, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv818-WKW |
| | )           [WO] |
| LOUIS BOYD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) filed by Alabama inmate Tyrice Jackson on October 23, 2015.[1] Jackson contends that his 2012 guilty plea to manslaughter was entered involuntarily and without an understanding of the charges and their consequences and that his trial counsel rendered ineffective assistance. Doc. 1 at 6. The respondents argue that Jackson's petition is time-barred by the one-year federal limitation period applicable to § 2254 petitions. Doc. 9 at 8–9. The court agrees and finds that the petition should be denied without an evidentiary hearing.

---

[1] Jackson avers that he signed his § 2254 petition on October 23, 2015. Doc. 1 at 8. Under the "mailbox rule," a *pro se* inmate's petition is deemed to be filed on the date it is delivered to prison officials for mailing and, presumptively, the date it is signed. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

## II. DISCUSSION

**A.    AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On March 12, 2012, Jackson pleaded guilty in the Montgomery County Circuit Court to the offense of manslaughter. Doc. 9-1 at 15–16. On April 4, 2012, the trial court sentenced Jackson to 181 months in prison. Doc. 9-1 at 18–19. Jackson took no appeal.

2

Because Jackson did not appeal, his conviction became final for federal habeas purposes on May 16, 2012—42 days after he was sentenced. *See* Ala.R.App.P. 4(b)(1) (holding that a criminal defendant in Alabama must file a notice of appeal within 42 days after pronouncement of sentence); *Bridges v. Johnson,* 284 F.3d 1201, 1202 (11th Cir. 2002); 28 U.S.C. § 2244(d)(1)(A). The AEDPA's one-year limitation period for filing a § 2254 petition thus commenced on that date. Absent statutory or equitable tolling, Jackson had until May 16, 2013 to file a timely § 2254 petition.

**B.   Statutory Tolling**

On October 29, 2012, Jackson filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 9-2 at 7–18. His filing of the Rule 32 petition tolled the federal limitation period for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore,* 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). At that time, the one-year limitation period for filing a § 2254 petition had run for 166 days (from May 16, 2012 to October 29, 2012).

The trial court denied Jackson's Rule 32 petition on March 7, 2013, and Jackson appealed. Docs. 9-2 at 34 & 9-5 at 2. The state-court proceedings related to the Rule 32

---

[2] Although the trial court's case action summary sheet indicates that Jackson's Rule 32 petition was filed on December 12, 2012, Jackson averred in the Rule 32 petition that he signed it on October 29, 2012. Doc. 902 at 13–14. Applying the mailbox rule, this court deems October 29, 2012 to be the filing date.

3

petition concluded on October 9, 2013, when the Alabama Court of Criminal Appeals, which affirmed the trial court's judgment by memorandum opinion on September 20, 2013, issued a certificate of judgment in the Rule 32-related proceedings. Docs. 9-5 & 9-6.  On that date, Jackson had 199 days (one year, or 365 days, minus 166 days) remaining within which to file a timely federal habeas petition.

Five days later, on October 14, 2013, Jackson filed a second Rule 32 petition in the trial court. Doc. 9-7 at 8–22.  At that time, the federal limitation period had run for a total of 171 days.  The trial court denied Jackson's second Rule 32 petition on December 18, 2013, finding that it was successive and that his claims lacked specificity and were without merit. Doc. 9-7 at 32–33.  Jackson appealed, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion on April 25, 2014. Doc. 9-10. Jackson's application for rehearing was overruled, and he filed a petition for writ of certiorari with the Alabama Supreme Court. Docs. 9-12 & 9-13.  The state-court proceedings related to Jackson's second Rule 32 petition concluded on July 11, 2014, when the Alabama Supreme Court denied Jackson's petition for writ of certiorari and issued a certificate of judgment in the proceedings. Doc. 9-14.  On that date, Jackson had 194 days (one year minus 171 days) remaining within which to file a timely federal habeas petition.

The federal limitation period ran unabated for those 194 days and expired on January 21, 2015.  Jackson filed this § 2254 petition on October 23, 2015—275 days after the expiration of the federal limitation period.  Although Jackson filed a third Rule 32 petition in the trial court on August 7, 2015 (Doc. 9-15), that filing did not operate to toll the limitation period under § 2244(d)(2) because it came several months after the federal

4

limitation period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a Rule 32 petition cannot toll the one-year limitation period under § 2244(d)(2) if the limitation period expired prior to the filing of the Rule 32 petition).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Jackson such that AEDPA's limitation period commenced on some date later than May 16, 2012 or, with tolling under § 2244(d)(2), expired on some date later than January 21, 2015. There is no evidence that an unlawful state action impeded Jackson from filing a timely § 2254 petition, and Jackson submits no ground for relief with a factual predicate not discoverable earlier through the exercise of due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(B) & (D). Jackson also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

**C.     Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds other than those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Jackson maintains that the untimely filing of his § 2254 petition should be excused because he has limited knowledge of the law and it "has taken him some time" to "fully understand what the courts incorrectly did to him." Doc. 11 at 4. This is not basis for equitable tolling. A habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013).

As an additional explanation for his untimely filing, Jackson contends that he suffered a minor cardiac incident following the death of his son in May 2014, resulting in hospitalization for four days, after which he went through a period of "depression and resentment toward myself" for not being there for his son. Doc. 11 at 2. According to Jackson, after he had resumed research and work on his habeas case around July or August 2014, the Elmore Correctional Facility was placed on lockdown, limiting his access to the law library. Doc. 11 at 2. Jackson cursorily asserts that in September 2014 prison employees with the Correctional Emergency Response Team destroyed most of his legal papers. Doc. 11 at 2. He states that even though the prison lockdown ended in October 2014 "he fell into a loss of hope" from dealing with the loss of his son and the loss of his legal papers. Doc. 11 at 2.

The circumstances described by Jackson fail to demonstrate that he pursued his rights diligently during the time the federal limitation period ran and expired or that some extraordinary circumstance prevented him from timely filing a § 2254 petition. Jackson's hospitalization in May 2014 was of limited duration, and he does not establish that his

6

ensuing depression and "resentment toward himself" prevented him pursuing his rights.[3] Although a substantial mental impairment may be a basis for tolling the limitation period, a petitioner must establish that the mental impairment "prevented him from understanding his rights and obligations under AEDPA and acting upon them in a timely fashion." *Hunter v. Ferrell*, 587 F.3d 1304, 1308–10 (11th Cir. 2009). That is, a petitioner must make a showing sufficient to support "a causal connection between his mental incapacity and his ability to file a timely § 2254 petition." *Id.*; *see also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). A petitioner with a mental impairment must also demonstrate that he acted with "an appropriate degree of diligence for someone in his situation." *Myers v. Allen*, 420 F. App'x 924, 927 (11th Cir. 2011) (quoting *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)). Jackson's allegations of depression, resentment, and "loss of hope" do not support a finding that his § 2254 petition should be rendered timely by equitable tolling. Even if Jackson has shown that he had a mental impairment, his allegations are far too vague to establish that this condition prevented him from timely filing this action or that he acted with reasonable diligence for a person in his circumstances.

Furthermore, according to Jackson's account, the period of lockdown at his correctional facility ran from July or August 2014 to October 2014. After the lockdown ended, approximately three months remained on the federal clock for Jackson to take action

---

[3] The federal limitation period was tolled from October 14, 2013, to July 11, 2014, the period during which the state-court proceedings related to Jackson's second Rule 32 petition remained pending. This period spanned the time of Jackson's May 2014 hospitalization for a cardiac incident and almost two months thereafter.

7

in pursuit of federal habeas relief.  Prison lockdowns, confinement for a portion of the limitation period, and routine transfers resulting in separation from legal papers generally are not considered "extraordinary circumstances" for purposes of invoking equitable tolling.  *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation); *see also Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (holding equitable tolling not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (holding lack of access to law library and legal papers for as much as ten months of one-year limitation period was not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition).  The record reflects that Jackson had adequate time to file a timely § 2254 petition when he was not in a lockdown situation.  The simple fact that there was a lockdown at his prison does not entitle him to equitable tolling.

Regarding Jackson's cursory allegations about the destruction of his legal papers by prison employees in September 2014, over three months remained on AEDA's limitation period when this incident is alleged to have occurred.  Jackson did not avail himself of the remaining time on the federal clock to file a federal petition, and he did not file the instant petition until over one year later.  In the intervening time, however, he managed to file a third state Rule 32 petition.  Although the intentional and wrongful confiscation of a prisoner's habeas petition and related legal papers by a corrections officer shortly before

8

the filing deadline may justify equitable tolling, *see Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2000), Jackson does not allege—much less demonstrate—that prison officials destroyed his legal papers for the purpose of obstructing the timely filing of his § 2254 petition. He fails to set forth an "extraordinary circumstance" that satisfies the standards justifying equitable tolling. *See, e.g., Abdullah v. United States*, 2012 WL 4475730, at *3 (M.D. Ala. July 20, 2012), *adopted*, 2012 WL 4475701 (M.D. Ala. Sept. 26, 2012). Moreover, Jackson does not establish that he acted with reasonable diligence to file a timely § 2254 petition in the time remaining after the alleged incident—or during the ensuing months after the federal limitation period had expired. As noted above, Jackson did not file his § 2254 petition until over one year after the alleged destruction of his legal papers by prison employees. Ultimately, Jackson demonstrates no basis for equitable tolling in his case.

Jackson's § 2254 petition is untimely under AEDPA's one-year limitation period, and he has not demonstrated that he is entitled to equitable tolling. Consequently, his petition is time-barred and his claims are not subject to further review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 22, 2017.** A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 8th day of December, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE